UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR M. C., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>KILOLO KIJAKAZI, <br>Acting Commissioner of Social Security, <br><br>　　　　　Defendant. | Case No.  EDCV 22-00188-RAO <br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　INTRODUCTION

Plaintiff Hector M. C.[1] ("Plaintiff") challenges the Commissioner's denial of his Social Security Disability ("SSD") benefits under Title II of the Social Security Act.  For the reasons stated below, the Commissioner's decision is AFFIRMED.

## II.　SUMMARY OF PROCEEDINGS

On July 26, 2012, Plaintiff initiated an application for SSD benefits alleging a disability onset date of August 11, 2003.  (Administrative Record ("AR") 209.)  The Commissioner denied the claim by initial determination on December 28, 2012, and

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

upon reconsideration on June 11, 2013. (AR 78-85, 87-95.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 21, 2013. (AR 112-13.) Hearings were held on February 2, 2014, and June 27, 2014. (AR 28-77.) The ALJ issued an unfavorable decision September 26, 2014. (AR 9-27.) The ALJ's decision became the Commissioner's final decision on March 3, 2016, when the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Plaintiff filed a civil action in this Court on May 10, 2016. (AR 594-98.) The Court issued an order remanding the matter for further proceedings pursuant to a stipulation of voluntary remand. (AR 603-06.) On March 20, 2017, the Appeals Council issued an order remanding the matter to the ALJ. (AR 619-20.)

On June 28, 2017, a second ALJ issued a second unfavorable decision. (AR 546-69.) Plaintiff filed a second civil action in this Court on September 8, 2017. (AR 817-18.) On March 1, 2018, this Court issued an order remanding the matter for further administrative proceedings pursuant to a stipulation of voluntary remand. (AR 850-54.) The Appeals Council subsequently issued an order remanding the case to the ALJ. (AR 862-63.)

On January 30, 2019, a third hearing was held before a third ALJ. (AR 748-92.) On March 13, 2019, the ALJ issued a third unfavorable decision. (AR 725-40.) Plaintiff filed a third civil action in this Court on May 21, 2019. (AR 1808.) On February 28, 2020, this Court issued an order reversing the third ALJ's decision and remanding the matter for further proceedings. (AR 1811-26.) In its order dated May 19, 2020, the Appeals Council vacated the previous final decision and remanded the matter for further proceedings before an ALJ. (AR 1831.)

On September 9, 2021, a fourth hearing was held before an ALJ. (AR 1761-805.) On October 26, 2021, the ALJ issued a fourth unfavorable decision. (AR 1732-60.) On January 21, 2022, Plaintiff filed the instant action. (Dkt. No. 1.)

In reaching a fourth determination, the ALJ followed the familiar five-step sequential evaluation process to assess whether Plaintiff was disabled under the

Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of August 10, 2003 through June 30, 2008, his date last insured ("DLI"). (AR 1740.) At **step two**, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine; carpal tunnel syndrome in the upper right extremity, post-status surgery; and obesity. (AR 1741.) At **step three**, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R] Part 404, Subpart P, Appendix 1 (20 [C.F.R.] §§ 404.1520(d), 404.1525 and 404.1526)." (*Id.*)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform light work . . . . Specifically, the [Plaintiff] could lift and/or carry ten pounds frequently, twenty pounds occasionally; he could stand and/or walk in intervals of thirty minutes at a time for a total of two hours out of an eight-hour workday; he could sit for one hour at a time for a total of six hours out of an eight hour workday; he could ambulate on a level field but could not balance enough to walk on an uneven surface; he could occasionally climb ramps and stairs; he could not climb ladders, ropes or scaffolds; he could occasionally operate foot pedals with either foot; he could occasionally stoop and crouch; he could not kneel or crawl; he was to avoid concentrated exposure to vibration and unprotected heights; he was to avoid all exposure to working around moving machinery; and he was to avoid [the] use of handheld vibratory tools with the right hand.

(AR 1742-43.) At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was unable to perform any past relevant work through the DLI. (AR 1751.) At **step five**, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (AR 1752.) Accordingly, the ALJ determined that Plaintiff

had not been under a disability from the alleged onset date, August 10, 2003, through the DLI, June 30, 2008. (*Id.*)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed.2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340

F.3d 871, 874 (9th Cir. 2003)).

IV. **DISCUSSION**

Plaintiff raises two issues for review: (1) whether the ALJ failed to properly consider relevant medical evidence in assessing the RFC; and (2) whether the ALJ properly considered Plaintiff's subjective testimony and complaints when determining the RFC. (JS at 9.) For the reasons stated below, the Court affirms.

A. **The ALJ Properly Considered Medical Opinion Evidence**

Plaintiff argues that the ALJ did not properly consider the limitations set forth by his treating orthopedist, Dr. Doty, in determining his RFC. (JS at 11.) Additionally, Plaintiff argues that the ALJ improperly placed the opinions of the medical expert, Dr. Lorber, "above all other medical opinions." (JS at 15.) The Commissioner argues that the ALJ properly evaluated and weighed the conflicting and diverging medical opinion in the record. (JS at 20-21.) For the reasons stated below, the Court agrees with the Commissioner.

1. **Applicable Legal Standards**

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat.[2] *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. See *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating or examining physician. *Embrey v. Bowen*, 849 F.2d 418,

---

[2] For applications filed on or after March 27, 2017, the Social Security Administration eliminated the use of the term "treating source," and no longer gives deference to treating source medical opinions. *See* 20 C.F.R. § 404.1520c(a); *Woods v. Kijakazi*, 32 F.4th 785, 789-90 (9th Cir. 2022).

422 (9th Cir. 1988); *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

### 2. Discussion

Plaintiff contends the ALJ did not properly consider his treating physician's medical opinion precluding Plaintiff from heavy lifting, repetitive or forceful gripping, grasping with the right hand, and torquing use the right upper extremity. (JS at 11; AR 349.)

A treating physician's opinion is generally given the most weight and may be "controlling" if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Revels*, 874 F.3d at 654 (citation omitted). Here, the ALJ assigned "little weight" to Dr. Doty's medical opinion. (AR 1748.) The ALJ found that Dr. Doty's right-hand restrictions —precluding Plaintiff from heavy lifting, repetitive or forceful gripping or grasping with the right hand (AR 349)— were "vague and do not include specific functional limitations associated with the term heavy work and repetitiveness of right-hand limitations." (AR 1748.) The ALJ further found a complete limitation to all repetitive hand motions was not supported by the record. (*Id.*) The ALJ considered Dr. Doty's report finding that Plaintiff's right-hand had improved with release surgery and postoperative physical therapy. (AR 333, 1748.) The ALJ also considered Dr. Doty's report from May 2005 that found no tenderness, atrophy, allodynia, inflammation, spasm, local swelling, thenar, or hypothenar muscle wasting in Plaintiff's elbows and wrists. (AR 334-35,

1748.) The same report showed Plaintiff had a normal range of motion in the wrists and hands, and only a trace positive Tinel's sign in the right wrist. (AR 345-46, 1748.) The ALJ identified inconsistencies between Dr. Doty's medical examinations and the prescribed right-hand limitation, ultimately finding that Dr. Doty's opinions do not merit controlling weight. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1043 (9th Cir. 2008) (finding an ALJ may reject a physician's opinion where the opinion is inconsistent with the medical record).

Plaintiff disagrees with the ALJ's finding that Dr. Doty's terminology was vague. (JS at 11-12.) Plaintiff contends that Dr. Doty set forth work restrictions in worker compensation terminology, and "this [ALJ] has simply refused to translate [them] into specific Social Security restrictions." (JS at 12.) Plaintiff further contends that Dr. Doty's "worker's compensation terminology" restriction "is equivalent to a restriction to no more than occasional use" of Plaintiff's right-upper extremity in Social Security terms.[3] (*Id.*) Plaintiff does not cite, nor is the Court aware of, any binding authority requiring the ALJ to translate worker's compensation terminology into social security terminology, or any binding authority that Plaintiff's worker's compensation restrictions are equivalent to a restriction of occasional use. "The terms employed in worker's compensation disability rating are not equivalent to Social Security disability terminology." *Bowser v. Comm'r of Soc. Sec.,* 121 F. App'x 231, 242 (9th Cir. 2005) (citing *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). The objective medical findings are to be evaluated as any other medical opinion. *Id.* As discussed above, the ALJ properly evaluated Dr. Doty's medical findings and assigned them little weight.

The Court concludes that the ALJ set out a detailed summary of the conflicting

---

[3] To the extent Plaintiff tries to find support for a more restrictive RFC in the third non-disability determination (*see* JS at 12), the Court notes that the third ALJ determination was reversed (*see* AR 1811-26), and the Appeals Council vacated the decision (*see* AR 1831). Thus, the reversed and vacated decision provides little, if any, support for Plaintiff's contention.

evidence in evaluating Dr. Doty's opinion and provided specific and legitimate reasons supported by substantial evidence in assigning little weight to Dr. Doty's opinion.

### 1. *Medical examiner testimony*

Plaintiff also contends that the ALJ improperly relied on the opinion of the medical expert, Dr. Lorber, weighing it above all other medical opinions in the record. (JS at 15.) Additionally, Plaintiff argues that there are "numerous opinions in this record by medical doctors as to what Plaintiff's limitations were prior to his [DLI]." (*Id.*) Finally, Plaintiff asserts that the ALJ's sole basis for determining Plaintiff's RFC is Dr. Lorber's testimony. (*Id.*)

Although Plaintiff might have intended to argue that treating physicians' medical opinions deserve some deference over non-treating or non-examining medical opinions, Plaintiff does not present any actual argument concerning the ALJ's analysis, identify any errors, or include even one citation to the record. Indeed, even though Plaintiff states that there are numerous medical opinions establishing Plaintiff's RFC, he does not provide any citations. Thus, no such argument has been properly presented.[4] *See Carmickle,* 533 F.3d at 1161 n.2 (declining to address challenge to ALJ's finding when claimant failed to argue the issue with any specificity); *see also Nazarian v. Berryhill*, No. CV 17-1114 JC, 2018 WL 2938581, at *3 (C.D. Cal. June 7, 2018) (collecting cases). The Court declines to address Plaintiff's argument regarding Dr. Lorber's opinion testimony.

---

[4] Similarly, Plaintiff states that during the 2021 hearing the ALJ was "extremely difficult to understand"; that medical expert, Dr. Lorber "clearly did not want to testify . . . [and] was incredibly frustrated on multiple occasions"; the Spanish interpreter "was clearly having his own difficulties understanding everyone's testimony"; and the hearing transcript contains numerous inaudible notations. (JS at 11.) However, Plaintiff does not cite to any case authority or present any actual argument concerning the 2021 hearing. (*See id.*) Furthermore, Plaintiff did not object during the hearing and instead Plaintiff's attorney intervened to assist in the testimony. (AR 1774-75.) The Court declines to address any challenge to the 2021 hearing.

8

### B. The ALJ Provided Specific, Clear, and Convincing Reasons for Discounting Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ committed legal error by improperly discounting Plaintiff's subjective complaints based on his daily activities. (JS at 29.) The Commissioner contends that the ALJ properly discounted Plaintiff's subjective pain testimony by considering Plaintiff's daily activities, Plaintiff's conservative treatment, and objective medical testimony. (JS at 34.) For the reasons discussed below, the Court agrees with the Commissioner.

### 3. Applicable Legal Standards

Where, as here, the claimant has presented evidence of an underlying impairment and the ALJ did not make a finding of malingering (*see* AR 1741), the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms . . . and determine the extent to which [those] symptoms limit [his or her] . . . ability to perform work-related activities." Soc. Sec. Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4. In assessing the intensity and persistence of symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements . . . ; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The ALJ must provide "specific, clear and convincing reasons" for rejecting the claimant's statements. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citations and internal quotation marks omitted); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 4. Discussion

The ALJ identified four reasons for discounting Plaintiff's subjective testimony as inconsistent with the record. The ALJ considered (1) Plaintiff's daily

activities (AR 1743-44), (2) the objective medical evidence (AR 1743-47), (3) the conservative treatment history during the relevant period (AR 1741, 1744-45), and (4) Plaintiff's failure to follow treatment recommendation (AR 1750).

Plaintiff argues the ALJ improperly focuses on Plaintiff's ability to care for his children during the relevant time period as a basis for rejecting his "subjective statements, testimony under oath, and credibility." (JS at 29.) Plaintiff's argument is without merit.

An ALJ may use inconsistencies between a claimant's testimony and his or her other statements, conduct, and daily activities as a basis for discounting his or her testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Courts in this circuit have relied on evidence of daily activities to find subjective allegations not credible. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (finding the ALJ properly discredited claimants pain allegations based on his ability to care for all of his own personal needs, to perform routine household maintenance and shopping chores, to ride public transportation, and to drive his own car); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (affirming an ALJ's adverse credibility determination reasonable despite "equivocal" testimony about how regularly the claimant engaged in her activities); *Burch*, 400 F.3d at 680 (affirming the ALJ's adverse credibility determination where claimant could care for her own personal needs, cook, clean, shop, and interact with her nephew and boyfriend). Here, the ALJ found Plaintiff's ability to care for his children by himself discredits his allegations of requiring help with his own personal care. (AR 1744.) Additionally, the ALJ found that Plaintiff's daily activities of caring for his infant and toddler children are generally inconsistent with Plaintiff's allegation that he required a cane to ambulate. (*Id.*) Even if the evidence of Plaintiff's daily activities could also be interpreted to be more favorable to Plaintiff, the ALJ's interpretation is rational and should be upheld. *See Burch*, 400 F.3d at 680.

Plaintiff also contends that the extent to which Plaintiff participated in caring for his young children is unclear from the testimony. (JS at 32.) However, the ALJ specifically considered Plaintiff's statements that he was capable of bathing his children and changing their diapers. (AR 1743-44.) Plaintiff also argues that his ability to provide minimal care for his children does not "translate into an ability to perform occupations including production worker, table worker, and production inspector." (JS at 33.) "While transferability of skills to a work setting is one way in which an ALJ may consider [Plaintiff]'s daily activities, an ALJ may also discount [Plaintiff] testimony where reported daily activities contradict the [Plaintiff]'s alleged extent of [his] limitations." *Burkett v. Berryhill*, 732 F. App'x 547, 552 (9th Cir. 2018) (citing *Orn*, 495 F.3d at 639).

Plaintiff argues that there is not enough information from his testimony to substantiate the ALJ's "complete reliance upon this particular issue" as a basis to discredit Plaintiff's subjective testimony. (JS at 32.) The ALJ did not solely rely on Plaintiff's daily activities to discredit his subjective testimony, the ALJ also relied on the objective medical evidence, Plaintiff's conservative treatment, and Plaintiff's failure to follow prescribed treatment. The ALJ considered several normal examination findings without persistent positive clinical signs in his back and extremities. (AR 1743-47.) Specifically, the ALJ found that Plaintiff's claim that he is unable to grasp and hold things is in direct contrast with the medical records that show his right-hand pain had improved after surgery, he had no tenderness, atrophy, inflammation, spams, swelling, and he had normal range of motion in his wrists and hands.[5] (AR 1751.) The ALJ also found that Plaintiff "received mostly routine, conservative, and non-emergency treatment." (AR 1744.) Lastly the ALJ found that Plaintiff's decision not to undergo lumbar surgery suggests that his symptoms are not

---

[5] Although Plaintiff argues that the lack of supporting objective evidence cannot form the sole basis for discounting Plaintiff's symptom testimony (JS at 30), here the ALJ also relied on daily activities, conservative treatment, and the failure to follow prescribed treatment.

11

as debilitating as alleged. (AR 1745-46.) The ALJ did not solely rely on Plaintiff's testimony to discredit his subjective statements. The Court finds that the ALJ properly relied on Plaintiff's daily activities, and provided specific, clear, and convincing reasons for discrediting Plaintiff's subjective testimony.

The Court finds that the ALJ's determination that Plaintiff was not disabled during the relevant time period is supported by substantial evidence.

## V.  CONCLUSION

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 30, 2022              /s/
                                      ROZELLA A. OLIVER
                                      UNITED STATES MAGISTRATE JUDGE


**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**